UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKOLAY MAMCHITS,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | No. 2:23-cv-00805-DAD-AC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND THIS ACTION TO SACRAMENTO COUNTY SUPERIOR COURT<br><br>(Doc. No. 9) |

This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court. (Doc. No. 9.) On June 30, 2023, plaintiff's motion was taken under submission to be decided on the papers. (Doc. No. 12.) For the reasons set forth below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

On February 28, 2023, plaintiff Nickolay Mamchits filed a complaint initiating this action against defendant Ford Motor Company and Does 1 through 10, inclusive, in the Sacramento County Superior Court. (Doc. Nos. 1 at 2; 1-2 at 2.) Therein, plaintiff asserts three claims under California's Song-Beverly Consumer Warranty Act for breach of express and implied warranties and for failure to repair the new 2022 Ford F-150 that plaintiff had purchased in June 2022 ("the subject vehicle"). (Doc. No. 1-2 at 2–6.) In his complaint, plaintiff does not specific the amount of money that he paid to purchase the vehicle, nor specify an amount certain of damages sought

1

1  by way of his complaint.  In his prayer for relief, plaintiff seeks restitution, incidental and
2  consequential damages, actual and statutory damages, prejudgment interest, attorneys' fees and
3  costs, and a civil penalty of two times his actual damages.  (*Id.* at 6.)

4  On April 28, 2023, defendant removed this action to this court pursuant to 28 U.S.C.
5  §§ 1332 and 1441(b) on the grounds that diversity jurisdiction exists because plaintiff and
6  defendant are citizens of different states and the amount in controversy exceeds $75,000.  (Doc.
7  No. 1.)  Defendant attached as an exhibit to the notice of removal a copy of the sale contract
8  between the dealership and plaintiff, which reflects $103,234.34 as the total amount paid by
9  plaintiff (the purchase price) for the subject vehicle.  (Doc. Nos. 1-1 at 4; 1-4.)

10 On May 26, 2023, plaintiff moved to remand this action to the Sacramento County
11 Superior Court—not because diversity jurisdiction is lacking—but merely because "[t]here is a
12 strong presumption against removal jurisdiction" and "[t]his California Lemon Law case should
13 not be litigated in Federal Court."  (Doc. No. 9 at 8.)  On June 9, 2023, defendant filed an
14 opposition to the pending motion, expressing its understandable confusion as to the basis for
15 plaintiff's motion and reiterating that its removal of this case is proper.  (Doc. No. 10.)  On June
16 16, 2023, plaintiff filed a reply in support of the pending motion.  (Doc. No. 11.)

17                                    **LEGAL STANDARD**

18 A suit filed in state court may be removed to federal court if the federal court would have
19 had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case
20 originally filed in state court presents a federal question or where there is diversity of citizenship
21 among the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).
22 If at any time before final judgment it appears that the district court lacks subject matter
23 jurisdiction over the removed action, "the case shall be remanded."  28 U.S.C. § 1447(c).  "The
24 removal statute is strictly construed against removal jurisdiction, and the burden of establishing
25 federal jurisdiction falls to the party invoking the statute."  *Cal. ex rel. Lockyer v. Dynegy, Inc.*,
26 375 F.3d 831, 838 (9th Cir. 2004); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*,
27 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that
28 removal is proper.").  As such, a federal court must reject jurisdiction and remand the case to state

1    court if there is any doubt as to the right of removal. *Matheson v. Progressive Specialty Ins. Co.*,

2    319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118

3    (9th Cir. 2004).

4          A party's notice of removal must contain "a short and plain statement of the grounds for

5    removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement

6    stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain'

7    need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*,

8    574 U.S. 81, 84, 87 (2014).

## ANALYSIS

10         Here, plaintiff's motion to remand fails to articulate any basis whatsoever to support

11   remanding this action to the Sacramento County Superior Court. Notably, in his motion to

12   remand, plaintiff does not contest that the parties are completely diverse in their citizenship or

13   that the amount in controversy exceeds the $75,000 threshold. Rather, plaintiff's short motion

14   provides several paragraphs of purported legal standard (Doc. No. 9), but he provides no analysis

15   or argument that defendant has failed to satisfy the legal standard for removal in this case. This

16   lackluster effort is plainly insufficient, and the filing of a such a motion leads to a waste of the

17   court's limited resources.

18         In its opposition to the pending motion, defendant reiterates the propriety of its removal of

19   this action based on diversity jurisdiction, as stated in its notice of removal. (Doc. No. 10.)

20   Indeed, as defendant provided in its notice of removal, defendant again provides in its opposition

21   brief a thorough and reasoned analysis of the amount in controversy calculations it relies upon,

22   including addressing the mileage offsets that apply in Song Beverly Act claims and how those

23   offsets impact the calculations in this case. (*Id.* at 7–9.) Defendant also reiterated that it is a

24   citizen of Michigan and Delaware, whereas plaintiff is a citizen of California (*id.* at 9–10)—

25   citizenship allegations that were included in the notice of removal and yet were not acknowledged

26   by plaintiff, let alone contested, in plaintiff's pending motion to remand this action.

27         In his reply, plaintiff asserts—for the first time, and in conclusory fashion—that defendant

28   failed to show by a preponderance of the evidence that the amount in controversy requirement has

been satisfied. (Doc. No. 11.) Given that defendant's notice of removal thoroughly explained the basis for its amount-in-controversy calculations, including by providing a copy of the sales contract for plaintiff's purchase of the subject vehicle, as well as an analysis of the mileage offsets, plaintiff had ample opportunity to contest defendant's assertions of diversity jurisdiction in his motion to remand, yet he did not raise any such argument until his reply brief. In any event, plaintiff does not meaningfully refute defendant's amount-in-controversy allegations and calculations, as set forth in the notice of removal and in defendant's opposition to the pending motion, and which suffice to satisfy the requirements for removal of this action.

## CONCLUSION

For the reasons explained above, plaintiff's motion to remand (Doc. No. 9) is denied.

IT IS SO ORDERED.

Dated:   **October 3, 2023**

　　　　　　　　　　　　　　　　DALE A. DROZD
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE